Abigail Diaz-Pedrosa (AD 0502)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4675
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Attorney for Defendant
NEXXAR GROUP, INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODGER ZEPKA, ELENO RAMOS, ENVIOS RD CORPORATION AND DOMINICAL COMMUNICATIONS CORPORATION,<br><br>Plaintiffs,<br><br>- against -<br><br>NEXXAR GROUP, INC.,<br><br>Defendant. | Case No. 07 CV 7405 (RJH)(GWG)<br><br>ECF Case<br><br>**NEXXAR'S ANSWER, AFFIRMATIVE DEFENSES, DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Nexxar Group, Inc. ("Nexxar"), through its attorneys, for its Answer to the First Amended Complaint of the Plaintiffs, states as follows:

1. Denies the allegations in paragraph 1 of the First Amended Complaint, except admits that the dispute relates to, among other things, a Promissory Note and a Stock Purchase Agreement ("SPA") dated February 18, 2005.

2. Denies the allegations in paragraph 2 of the First Amended Complaint, except (i) admits that Nexxar is a holding company that from time to time acquires money transmittal businesses; (ii) admits on information and belief that Envios is an international money transmittal business; and (iii) denies that it has knowledge sufficient to admit or deny the size of the Plaintiffs.

3. Denies the allegations in paragraph 3 of the First Amended Complaint, except admits that Nexxar entered into a SPA, a Promissory Note, a Guarantee and Pledge Agreement, and a Security Agreement with certain of the Plaintiffs on February 18, 2005, and respectfully refers the Court to those agreements for their true and complete terms.

4. Denies the allegations in paragraph 4 of the First Amended Complaint, except admits that the parties entered into the SPA, that the Plaintiffs Envios and DCC signed the Promissory Note, and respectfully refers the Court to the SPA and the Promissory Note for their true and complete terms. Nexxar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 4 and therefore denies those allegations.

5. Denies the allegations in paragraph 5 of the First Amended Complaint, except admits that Nexxar loaned $5,500,000 to Plaintiffs Envios and DCC, which has not been repaid, and respectfully refers the Court to the SPA and the Promissory Note for their true and complete terms.

6. Denies the allegations in paragraph 6 of the First Amended Complaint, except admits that Nexxar did not acquire Plaintiffs Envios and DCC.

7. Denies the allegations in paragraph 7 of the First Amended Complaint.

8. Denies the allegations in paragraph 8 of the First Amended Complaint.

9. Denies the allegations in paragraph 9 of the First Amended Complaint.

10. Denies the allegations in paragraph 10 of the First Amended Complaint, except admits that Envios authorized Nexxar's use of a trademark.

11. Denies the allegations in paragraph 11 of the First Amended Complaint, except admits that Plaintiffs have requested compensatory, declaratory and injunctive relief.

## THE PARTIES

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the First Amended Complaint and therefore denies the allegations.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the First Amended Complaint and therefore denies the allegations.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the First Amended Complaint and therefore denies the allegations.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the First Amended Complaint and therefore denies the allegations.

16. Admits the allegations in paragraph 16 of the First Amended Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**Background**

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint and therefore denies the allegations.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the First Amended Complaint and therefore denies the allegations.

19. Denies the allegations in paragraph 19 of the First Amended Complaint, except admits that Nexxar is a holding company that from time to time acquires money services businesses and admits that Nexxar has acquired money services businesses with trade names substantially similar to the trade names of the entities listed in paragraph 19 of the First Amended Complaint.

20. Admits that Angrisani was a CEO of Nexxar but denies that Angrisani was the sole founder of Nexxar and the remaining allegations in the first sentence of paragraph 20 of the

First Amended Complaint. Denies the allegations in the second sentence of paragraph 20, except admits that Angrisani is no longer employed by Nexxar.

**The Agreement**

21.     Denies the allegations in paragraph 21 of the First Amended Complaint, except admits that Zepka and Ramos attended meetings with Nexxar and that the parties ultimately entered into the SPA.

22.     Denies the allegations in paragraph 22, except admits that the parties entered into the SPA on or about February 18, 2005, and respectfully refers the Court to the SPA for its true and complete terms.

23.     Denies the allegations in paragraph 23, except admits that Nexxar loaned the Corporate Plaintiffs the sum of $5,500,000 and obtained a security interest in all of the Corporate Plaintiffs' assets by way of a Security Agreement, and respectfully refers the Court to the Security Agreement for its true and complete terms.

24.     Denies the allegations in paragraph 24 of the First Amended Complaint..

25.     Denies the allegations in paragraph 25, except admits that the Promissory Note references certain sections of the SPA, and vice versa.

26.     Denies the allegations in paragraph 26, except admits that the parties entered into the SPA on or about February 18, 2005, and respectfully refers the Court to the SPA for its true and complete terms.

27.     Admits that paragraph 27 quotes from portions of the SPA, and respectfully refers the Court to the SPA for its true and complete terms.

28.     Admits that paragraph 28 quotes from portions of the SPA, and respectfully refers the Court to the SPA for its true and complete terms.

29. Denies the allegations in paragraph 29, including the reference to a "February 18, 2006 Note," except admits that Section 1 of the Promissory Note says, in part, "[i]f no Event of Default shall have occurred and be continuing, then the outstanding principal balance of this Note shall be forgiven and released and the Note shall be treated for all purposes as paid in full, upon the Closing as defined in the Stock Purchase Agreement."

30. Admits that paragraph 30's quotation of a selected portion of Section 3 of the SPA is substantially accurate.

31. Admits that paragraph 31's quotation of a selected portion of Section 10 of the SPA is substantially accurate.

32. Denies the allegations in the first paragraph 32 of the First Amended Complaint, except admits that Section 1 of the Promissory Note references the SPA and respectfully refers the Court to a copy of the Promissory Note and the SPA for their true and correct terms.

32. Denies the allegations in the second paragraph 32 of the First Amended Complaint, except admits that a portion of the quotation of section 1 of the Promissory Note is substantially accurate, and respectfully refers the Court to a copy of the Promissory Note for its true and correct terms.

33. Denies the allegations in paragraph 33 of the First Amended Complaint.

34. Denies the allegations in paragraph 34 of the First Amended Complaint.

**The Failure to Close**

35. Admits that Plaintiff's counsel sent a letter on January 9, 2006, and that the quotation of that correspondence in paragraph 35 is substantially accurate.

36. Admits that Nexxar sent a letter on January 27, 2006 and that the quotation of that correspondence in paragraph 36 is substantially accurate.

37. Denies the allegations in paragraph 37, except admits that Plaintiff's counsel sent a letter on February 3, 2006, and that the quotation of that correspondence in paragraph 37 is substantially accurate.

38. Admits that Nexxar sent a letter on February 6, 2006 and that the quotation of that correspondence in paragraph 38 is substantially accurate.

39. Denies the allegations in paragraph 39, and respectfully refers the Court to the March 9, 2006 correspondence for its true and complete content.

40. Admits that Plaintiffs sent a letter on March 9, 2006, and that the quotation of that correspondence in paragraph 40 is substantially accurate.

41. Admits that Nexxar sent a letter on April 17, 2006 and that the quotation of the correspondence in paragraph 41 is substantially accurate.

42. Denies the allegation in paragraph 42 of the First Amended Complaint.

**Nexxar Failed to Close Because it Lacked the Financial Resources and Failed to Disclose as Much to Plaintiffs**

43. Denies the allegations in paragraph 43 of the First Amended Complaint.

44. Denies the allegations in paragraph 44 of the First Amended Complaint.

45. Denies the allegations in paragraph 45 of the First Amended Complaint.

    (a) denies the allegations in subparagraph (a);

    (b) denies the allegations in subparagraph (b);

    (c) denies the allegations in subparagraph (c);

    (d) denies the allegations in subparagraph (d);

    (e) denies the allegations in subparagraph (e);

    (f) denies the allegations in subparagraph (f);

    (g) denies the allegations in subparagraph (g); and

    (h) denies the allegations in subparagraph (h).

46. Denies the allegations in paragraph 46 of the First Amended Complaint.

47. Nexxar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies those allegations.

### AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

48. Restates and incorporates herein by reference its responses to Paragraphs 1-47 set forth above, as though fully set forth here.

49. Denies the allegations in paragraph 49 of the First Amended Complaint.

50. Denies the allegations in paragraph 50 of the First Amended Complaint.

51. Denies the allegations in paragraph 51 of the First Amended Complaint.

52. Denies the allegations in paragraph 52 of the First Amended Complaint.

53. Denies the allegations in paragraph 53 of the First Amended Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION

### (Fraudulent Concealment)

54. Restates and incorporates herein by reference its responses to Paragraphs 1-53 set forth above, as though fully set forth here.

55. Denies the allegations in paragraph 55 of the First Amended Complaint.

56. Denies the allegations in paragraph 56 of the First Amended Complaint.

57. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 57 and therefore denies those allegations.

58. Denies the allegations in paragraph 58 of the First Amended Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION

### (Declaratory Judgment)

59. Restates and incorporates herein by reference its responses to Paragraphs 1-58 set forth above, as though fully set forth here.

60. Admits that Plaintiffs seek declarative relief.

61. Denies that there is any legitimate dispute concerning the parties' respective rights under the Promissory Note and SPA, but admits that Plaintiffs contend otherwise.

62. With respect to the allegations in paragraph 62 of the First Amended Complaint, asserts that they constitute legal conclusions to which no response is required, but if a response is required denies the allegations thereof.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Injunction)

63. Restates and incorporates herein by reference its responses to Paragraphs 1-62 set forth above, as though fully set forth here.

64. Admits that Plaintiffs seek the relief described in paragraph 64.

65. With respect to the allegations in paragraph 65 of the First Amended Complaint, asserts that they constitute legal conclusions to which no response is required, but if a response is required denies the allegations thereof.

66. With respect to the allegations in paragraph 66 of the First Amended Complaint, asserts that they constitute legal conclusions to which no response is required, but if a response is required denies the allegations thereof.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Reimbursement of Funds)

67. Restates and incorporates herein by reference its responses to Paragraphs 1-66 set forth above, as though fully set forth here.

68. Denies the allegations in paragraph 68 of the First Amended Complaint.

69. Denies the allegations in paragraph 69 of the First Amended Complaint.

70. Denies the allegations in paragraph 70 of the First Amended Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Contributory Trademark Infringement - 15 U.S.C. §§ 1114, 1125)

71. Restates and incorporates herein by reference its responses to Paragraphs 1-70 set forth above, as though fully set forth here.

72. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and therefore denies those allegations.

73. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and therefore denies those allegations.

74. Denies the allegations in the first sentence of paragraph 74 of the First Amended Complaint. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 74 and therefore denies those allegations.

75. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and therefore denies those allegations.

76. Denies the allegations of paragraph 76, except admits that Envios authorized Nexxar and Omnex to use a trademark.

77. Denies the allegations in paragraph 77 of the First Amended Complaint.

78. Denies the allegations in paragraph 78 of the First Amended Complaint.

79. Denies the allegations in paragraph 79 of the First Amended Complaint.

80. Denies the allegations in paragraph 80 of the First Amended Complaint.

81. Denies the allegations in paragraph 81 of the First Amended Complaint.

82. Denies the allegations in paragraph 82 of the First Amended Complaint.

83. Denies the allegations in paragraph 83 of the First Amended Complaint.

84. The next paragraph is a Prayer for Relief to which no response is required. Nexxar specifically denies, however, that Plaintiffs are entitled to any such relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

85. By asserting these defenses, Nexxar does not intend to take on burdens of proof that it would not otherwise have.

86. The First Amended Complaint fails to state a cause of action.

87. Plaintiffs' causes of action are barred by consent.

88. Plaintiffs' cases of action are barred by license.

89. Plaintiffs' causes of action are barred by the doctrine of unclean hands.

90. Plaintiffs' causes of action are barred by the doctrine of estoppel.

91. Plaintiffs' causes of actions are barred by estoppel by laches.

92. Plaintiffs' causes of action are barred by estoppel by acquiescence.

93. Plaintiffs' causes of action are barred, in whole or in part, under the doctrine of ratification.

94. Plaintiffs' causes of action are barred, in whole or in part, because Nexxar has acted at all times in accordance with its contractual obligations.

95. Plaintiffs' causes of action are barred, in whole or in part, because Plaintiffs failed to satisfy the conditions of the SPA, thus excusing Nexxar's performance.

96. Plaintiffs' causes of action are barred, in whole or in part, because Plaintiffs breached their contractual obligations, thus excusing Nexxar's performance.

97. Plaintiffs' causes of actions for injunctive relief are barred because Plaintiffs have failed to meet the requirements for preliminary or permanent injunctive relief.

98. Plaintiffs' causes of action are barred, in whole or in part, because plaintiffs have no injury or damage as a result of the matters alleged in the First Amended Complaint.

99. Plaintiffs' causes of action are barred, in whole or in part, because plaintiffs have failed to take all necessary, reasonable and appropriate actions to mitigate the injuries and

damages alleged in the First Amended Complaint—the existence and extent of which Nexxar expressly denies.

100.    Plaintiffs' causes of actions are barred, in whole or in part, because plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the First Amended Complaint.

101.    Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of offset and recoupment.

102.    Nexxar reserves the right to assert additional defenses as may be warranted by future discovery or investigation in this action.

### COUNTERCLAIMS AGAINST ROGER ZEPKA, ELENO RAMOS, ENVIOS RD CORPORATION AND DOMINICAN COMMUNICATIONS CORPORATION

**Nature of the Dispute**

103.    This is an action for breach of payment obligations under a Promissory Note dated February 18, 2005 (the "Promissory Note") relating to a loan in the principal amount of $5,500,000 and a Stock Purchase Agreement (the "SPA"). According to the explicit terms of the Promissory Note, Envios RD Corporations ("Envios") and Dominican Communications Corporation ("DCC") (collectively the "Corporate Plaintiffs") were obligated to pay the outstanding principal on the Promissory Note, in the amount of $5,500,000 on May 18, 2006. Corporate Plaintiffs have refused to pay the amount owing. Nexxar thus brings this action to collect the principal due under the Promissory Note as well as the interest, costs and attorney fees due and owning under the Promissory Note.

### FACTS COMMON TO ALL CAUSES OF ACTION

**The Agreement**

104.    On February 18, 2005, the parties entered into the SPA under which Nexxar could purchase all of the outstanding stock in the Corporate Plaintiffs if certain conditions were met.

105. At or around this date, Nexxar loaned the Corporate Plaintiffs $5,500,000. To ensure this loan was repaid, Nexxar demanded that the Corporate Plaintiffs execute a Promissory Note in which they promised to repay the $5,500,000. It also insisted that the Corporate Plaintiffs entered into a Security Agreement under which the Corporate Plaintiffs agreed to provide Nexxar with a security interest in all of their personal property. Finally, Nexxar also insisted that Roger Zepka and Eleno Ramos enter into a Guarantee and Pledge Agreement guaranteeing the obligations under the Promissory Note.

106. Section 1 of the Promissory Note spelled out the terms under which the loan would be repaid. First, it provided that the Corporate Plaintiffs were obligated to repay the $5,500,000 loan. Second, Section 1 also contemplated that this payment would be due (a) 120 days after any notice of termination of the SPA pursuant to § 10.1(e) if such notice was based on a willful breach; or (b) immediately if the Corporate Plaintiffs exercised their rights to sell the stock to a third party other than Nexxar. Alternatively, if neither (a) or (b) occurred, Section 1 contemplated that the payment would be due after the latest of the following (i) May 18, 2006; (ii) the first anniversary after certain of the plaintiffs gave notice of termination pursuant to Section 10(c)(1); (iii) the first anniversary of the date the Nexxar gave notice of termination pursuant to Section 10.1(e) if such notice was based on a non-willful breach by Sellers; or (iv) the first anniversary of the date that Nexxar gave notice of termination of the Stock Purchase Agreement pursuant to Section 10.1(h). Accordingly, unless the parties appropriately exercised their rights to give notice of termination pursuant to Sections 10(c)-(e), or Section 10(h), the payment was due and owing on May 18, 2006.

107. Pursuant to Section 2 of the Promissory Note, the Corporate Plaintiffs also agreed to pay interest on the unpaid principal at a rate of 6% per annum. In the Event of Default (which

includes a failure to pay any principal or interest when that sum is due and owing), the interest is increased to a rate of 10% per annum.

108. Finally, the Corporate Plaintiffs also agreed in Section 12 to pay on demand all costs and expenses of Nexxar's, including without limitation, the fees of its counsel.

**Plaintiffs Failure to Fulfill Its Payment Obligations**

109. As events transpired, the parties never closed the acquisition detailed in the SPA and thus Nexxar never purchased the stock of the Corporate Plaintiffs.

110. After Plaintiffs' counsel demanded that the closing take place in January of 2006, Nexxar said in a January 27, 2006 letter that it would not close because the Seller had not satisfied closing conditions, "including without limitation the conditions set forth in 7.14 of the Agreement." Still, Nexxar agreed to waive the deadlines set forth in Section 7.14 and permitted the Plaintiffs more time to fulfill the various closing conditions in the agreement.

111. Instead of attempting to fulfill the conditions, Plaintiff's counsel alleged (without support) that it had fulfilled the conditions set forth under Section 7.14. Plaintiff also purported to give notice of termination under Section 10.1(c) of the agreement. This termination, however, was not effective. Section 10.1(c) allows the Plaintiffs to terminate if a Material Adverse Event ("MAE") had occurred and Nexxar "refuses to close solely on that condition." Here, although the Plaintiffs admitted that an MAE had occurred, the Defendants did not refuse to close for that reason alone. Put simply, the Plaintiffs' failure to fulfill various closing conditions (including those set forth in Section 7.14 of the agreement) gave Nexxar multiple reasons to decline to close the agreement.

112. Finally, after the Plaintiffs continued to fail to fulfill the SPA's closing conditions, on March 9, 2006, Nexxar terminated the agreement pursuant to Section 10.1(b), which permitted any party to terminate the SPA if the deal did not close before February 2006.

113.    Because the SPA was terminated pursuant to Section 10.1(b) of the SPA *(and not pursuant to Section 10(1)(c)-(e) or Section 10(1)(h) of the SPA),* the principal under the Promissory Note was due and owing on May 18, 2006.  Under any interpretation of the SPA and Promissory Note, the principal was due and owning no later than February 2007.  Despite repeated demands, however, Plaintiffs have refused to pay the amounts due and owing.

## CAUSE OF ACTION

### (Breach of Contract)

114.    Nexxar repeats and realleges each and every allegation set forth in paragraphs 103 - 113 as if set forth herein at length.

115.    The Promissory Note constitutes a binding and enforceable contract between Nexxar and Plaintiffs.

116.    Plaintiffs have breached the Promissory Note by failing to perform its obligations as set forth in the Promissory Note.  Among other things, Plaintiff failed to honor the payment terms in the Promissory Note.

117.    Plaintiffs' breaches are material and fundamental.

118.    As a direct and proximate result of Plaintiffs' breaches, Nexxar suffered substantial harm, for which it seeks money damages, including attorney fees.

119.    The Plaintiffs have breached their payment obligations under the Promissory Note.

## PRAYER FOR RELIEF

WHEREFORE, Nexxar demands as follows:

1.    Judgment in its favor and against Plaintiffs;

2.    Damages in an amount to be determined at trial, but not less than $5,500,000;

3.    Pre-judgment interest as allowed by law;

4.    Post-judgment interest as allowed by law;

5. Attorneys' fees and costs of court; and

6. Such other, further and different relief as this Court may deem just and proper.


Dated:  August 24, 2007                           s/ Abigail M. Diaz-Pedrosa
                                                          Abigail Diaz-Pedrosa (AD 0502)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4675
Telephone:   (212) 446-4800
Facsimile:     (212) 446-4900

Attorneys for Defendant
NEXXAR GROUP, INC.